## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Civil Action # _Ocu 2237-4_

_Donald E. Williams_

_____

_____

**Plaintiff**

VS

_Ocwen Loans Service LLC +_
_Saxon Mortgage Inc._

_____

**Defendant**

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_Donald R. Williams_
_7057 Deshvn Creek Ct_
_Lithonia, GA 30058_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _5th_ day of _Feb_, 20 _10_.

Linda Carter
Clerk of Superior Court

By _____
        Deputy Clerk

IN THE SUPERIOR COURT OF DEKALB CONTY
STATE OF GEORGIA        **FILED**

Donald E. Williams
7057 Deshon Creek Court
Lithonia, Georgia 30058
404 285-1709

2010 FEB -5  P 12 09

CIVIL ACTION NO. SUPERIOR CRT
DEKALB COUNTY GEORGIA

Plaintiff,                    Trial by Jury Demanded

vs

OCWEN LOAN SERVICES, LLC,
and SAXON MORTGAGE INC.

Defendants.

### VERIFIED COMPLAINT
Pursuant to the Georgia Code O.C.G.A. § 9-4-1 through § 9-4-3
For Declaratory Judgment

Now Comes the Plaintiff, Donald E. Williams, in propria persona and relying on the decisions in

Haines v. Kerner, 404 U.S. 519 and incorporates Haines v. Kerner by reference, and show his

Complaint against the Defendants as follows:

### CAUSE FOR THIS ACTION AT LAW

1.The Plaintiff became insecure and uncertain about his relations between SAXON

MORTGAGE INC., due to the current market. SAXON MORTGAGE INC, refused to allow

review of the security instrument (note) requested by Plaintiff. The note Plaintiff executed has a

ARIBRATION NOTE RIDER, giving jurisdiction to Arbitration. The Plaintiff commenced an

action with on or about July 2.,2008 that is still pending today with the NATIONAL

ARBITRATION FORUM, P.O. Box 50191, Minneapolis, MN  55405. Notwithstanding,

Defendant OCWEN LOAN SERVICES, INC. has and continues to send Plaintiff threatening

letters of acceleration of the mortgage and foreclosure. The Plaintiff has served upon Defendant,

OCWEN LOAN SERVICES, INC., several request for validation which have not been honored or regarded under the Fair Debt Collections Practices Act (FDCPA). See attached exhibits Validation Requests "A" and "B" .

2. WHEREFORE, it is clear that the Plaintiff is uncertain and insecure about what rights and obligations remain under the note, if any, along with the status of that relationship which has now brought Defendant, OCWEN LOAN SERVICES INC. into the picture, who Plaintiff have no knowledge of, nor has Plaintiff had occasion to have any contact with Defendant which could be an admission to an indebtedness owed to Defendant in any way whatsoever.

3. Further, the Plaintiff desires to protect the current status quo of the title until the Forum concludes its procedures outlined in their mission and function base upon the arbitration note rider.

4. WHEREFORE, Plaintiff seeks relief under the Georgia Code, a statute he is entitled to rid himself of being uncertain and insecure regarding what tricks Defendant, OCWEN LOAN SERVICES, INC., could do based upon the threats issued through the U.S. Postal Service, dunning Plaintiff without consideration of the Plaintiff's rights under the note.

5. Plaintiff wants to know with certainty who it is that holds the original note, along with the current condition of the note versus what the note's condition was upon Plaintiff executing it with his blue ink. Plaintiff therefore relies upon the Georgia Code O.C.G.A. O.C.G.A. § 9-4-1 through § 9-4-3, which he is entitled to.

                                    JURISDICTION
2. Jurisdiction in this action at law is based on the Constitution of the United States and in particular the 7th amendment as this is a suit at common law. Jurisdiction is further invoked

under the Constitution of the state of Georgia and in particular which preserves the right to trial by jury in an action at law and jurisdiction is further invoked under 18 U.S.C. Sec. 1964.

3. The original note is the subject matter of this action sought for review that was executed in the state of Georgia by Plaintiff and delivered to Defendant, SAXON MORTGAGE as Holder which also covered real property seated in DEKALB COUNTY, GEORGIA. The property that is know as 7057 Deshon Creek Court, Lithonia, GA 30058.

                              PARTIES TO THE ACTION

4. The Plaintiff in this action is a Citizen of the United States and also a resident of the state of Georgia. The Plaintiff named herein lives at the same addresses given above, 7057 Deshon Creek Court, Lithonia, GA 30058. The Defendant in this Complaint is OCWEN LOAN SERVICES INC.. Based upon information and belief, SAXON MORTGAGE INC., may have given Defendant, OCWEN LOAN SERVICES, INC., some authority to attempt to collect on an alleged indebtedness that is under review as stated in the aforementioned paragraphs, in the jurisdiction of the National Arbitration Form.

5. HOWBEIT that Defendant, OCWEN LOAN SERVICES INC., claims to hold some form of interest in the note, mortgage or indebtedness, and who continues to send dunning letter threatening Plaintiff without validating the debt as required under the Fair Debt Collections Practices Act (FDCPA) with the original note "seeing that all copies" are in direct dispute. Wherefore, this Court has jurisdiction over the Parties.

                              FACTUAL BACKGROUND

5. On or about February 3, 2008, the SAXON MORTGAGE INC., through its loan officer did verbally represent to the Plaintiffs that SAXON MORTGAGE INC., had approved a loan to

Practices Act (FDCPA) with the original note "seeing that all copies" are in direct dispute. Wherefore, this Court has jurisdiction over the Parties.

FACTUAL BACKGROUND

5. On or about February 3, 2008, the SAXON MORTGAGE INC., through its loan officer did verbally represent to the Plaintiffs that SAXON MORTGAGE INC., had approved a loan to Plaintiff for the sum of $185,250.00 in lawful money of the United States and at annual interest rate of 8.25% .

4. The Defendant, OCWEN LOAN SERVICES INC., must be restrained from carrying out the treats, even if those threat are founded upon the interest of SAXON MORTGAGE INC., and its loan officer, JOHN DOE, who knew or should have known that the verbal statement that they would lend the Plaintiffs "lawful money of the United States" at an annual interest rate of 8.25% was a false representation that was made recklessly and with deliberate and intentional disregard for the rights of the Plaintiff.

5. Relying on these false representations of SAXON MORTGAGE INC., the Plaintiff was induced into signing a note, mortgage, and deed of trust, on or about 02/03/2006. Since the date of the loan, the Plaintiffs have made many payments of principal and interest totaling $35,253.00

6. After the Plaintiff had signed the note, SAXON MORTGAGE and its officer JOHN DOE fail to lend the Plaintiff lawful money of the United States for the full value of the loan. For the actual lawful money which the bank risked for the loan, is estimated to be no more than 5% of the loan's face value, the bank did charge an interest rate that was 20 times greater than what was authorized in the contract, and did this deliberately to the detriment and damage of the Plaintiff.

7. In carrying out SAXON MORTGAGE commitment to lend lawful money of the United States, SAXON MORTGAGE converted the note into a reusable check for the same face value

of the note in the sum of $185,250.00. SAXON MORTGAGE changed the function and operation of the note by demand deposit, did deliberately make a loan beyond its customers' deposits.

8. The check (or checks) which the bank and its officers wrote were not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for their full face value.

9. The Defendant, SAXON MORTGAGE and its officers did use the U.S. Mails more than twice since the date of loan to collect money on this debt. Plaintiff did not become aware of the fraudulent activity of the SAXON MORTGAGE until on or around 11/15/2008.

10. The only consideration which the SAXON MORTGAGE provided for this loan was a book entry demand deposit which SAXON MORTGAGE, itself created effortlessly and at virtually no cost to itself. Thus SAXON MORTGAGE stamping THE NOTE AS its own check "PAID TO THE ORDER OF" did make a false representation as it merely transferred some book entries and never intended to redeem this check in lawful money of the United States, but instead received credit/moneys under the table in secret, without the Plaintiff's knowledge or consent.

### COUNT ONE
### BREACH OF CONTRACT.

11.The Plaintiff incorporates all averments of the previously numbered paragraphs 1 through 10 are restated by reference herein verbatim. That SAXON MORTGAGE and its officer, JOHN DOE, failed to lend the Plaintiff lawful money of the United States and instead, substituted the note Plaintiff signed as a check with the intended purpose of circulating it as money.

### COUNT TWO
### MATERIAL ALTERATION OF THE NOTE

12.The Plaintiff incorporates all averments of the previously numbered paragraphs 1 through 11 are repeated verbatim by reference herein. The Defendant, OCWEN LOAN SERVICES INC.,

agent of SAXON MORTGAGE and its officer, JOHN DOE, did materially alter the Plaintiff's note, to receive full face value secret payments under the table, whereby the evidence is stamped right upon the Plaintiff's note showing Defendant, OCWEN LOAN SERVICES INC., agent of SAXON MORTGAGE was paid repeatedly without the consent of all parties under the note, namely the Plaintiff, and without proper disclosure. WHEREBY such proof is forever upon the original note showing SAXON MORTGAGE has operated with unclean hands, adding words to the note; thus changing the operation and function of the note while leaving blanks upon the instrument which is clearly an unlawful behavior committed.

## COUNT THREE
### USURY AND RACKETEERING.

13.The Plaintiff incorporates all averments of the previously numbered paragraphs, 1 through 12 are restated verbatim by reference herein. By virtue of the mortgage lender's activities in creating an unlawful debt by passing a bad check, that SAXON MORTGAGE has collected an annual interest rate estimated to be twenty times greater than the amount of interest the plaintiffs agreed to in the note they signed. This violation of contract laws and usury laws is due to the fact that the actual amount of lawful money risked by the bank in making the loan was less than 5% of the loan's face value.

### THE RELIEF REQUESTED/DEMANDED

14. The Plaintiffs ask the Superior Court of Dekalb County to empanel a Grand Jury to investigate the past behaviors of SAXON MORTGAGE, and its relation with the Federal Reserve Bank SAXON MORTGAGE was involved with regarding its checks made payable to the Federal Reserve Bank, and its President as well as the Board of Examiners for violations of Federal Antitrust laws and the Federal Racketeering laws including 18 U.S.C. 1341 (mail fraud)

and 18 U.S.C. 1343 (wire fraud) and 18 U.S.C. 1962 (patterns of racketeering activity) and 18 U.S.C. Sec. 241 for conspiracy to violate the Plaintiff and other citizens' Constitutional rights.

15. Plaintiffs ask for actual damages for the sum of $185,250.00 and compensatory damages to be determined as well as three times this amount in punitive damages against each Defendant convicted on any count.

16. Plaintiffs demand a trial by jury to be comprised of 12 members to determine all issues of facts in dispute and to determine and award all damages.

17. Plaintiffs ask for a court order declaring the mortgage, note and deed of trust, to be null and void.

18. An injunction against the Defendant, OCWEN LOAN SERVICES INC., agent of SAXON MORTGAGE, INC., and any other JOHN DOE Lender/Bank. And that the Federal Reserve Bank be ordered to divest themselves of any assets they have unlawfully gained in connection with Plaintiff, and to return the same to the Plaintiff and all other debtors or injured parties discovered in the investigation ordered by the court.

Respectfully submitted,

Donald E. Williams
Plaintiff—in propria personna.
7057 Deshon Creek Court
Lithonia Georgia 30058
404-285-1709

*Exhibits (A)*

THIS IS NOT A RANDOM                                    DATE:   December 2, 2009
PUBLIC OR COMMUNICATION
Notice to agent is Notice to principle
Notice to principle is Notice to agent and
applicable to all successors and assigns.
Your silence is acquiescence to an agreement
that is self-executing to the facts stated herein.
Sent Certified Mail # 7008 2810 0002 2458 6360        By:  Donald Edward Williams,
with prejudice and without recourse                        7057 Deshon Creek Court
                                                            Lithonia Georgia 30058

**Demanded Request for Validation, and self-executing Rescission**
**If not Produced within 90 Days**

Proof of certified service upon:
OCWEN LOAN SERVICING, LLC
P.O. Box 785057
Orlando, Florida 32878-5057

Reference:        Alleged Account:(s)      71213938
                  Property Address:        7057 Deshon Creek Court Lithonia Georgia 30058
                  Amount Claimed           $216,212.62

Dear Sirs:

In response to your letter dated November 19th 2009, about you being the purchaser or assignee or grantee, servicer or holder-in-due-course. Whereby I received said letters on November 21th 2009, respectively. Please understand that this demand is my written demand; "Request for Validation, and self-executing Rescission" per Section 6 of RESPA and per notices to be given pursuant to your claim of holding the Deed of Trust and Promissory Note Section 15 and Section 7 respectively, notice Ocwen Loan Servicing, LLC. I deny being in debt of the alleged amount that you have indicated in your letter, nor subsequent since that time. Pursuant to 15U.S.C. §1692, you must comply to the fullest extent of the Federal Statute as mandated by an Act of Congress, to ensure that you are not party to violations of the Fair Debt Collections Practices Act (FDCPA) or otherwise collection harassments and or violations of the 1st amendment, 5th amendment, 14th amendments regarding due process of the law, in line with the Constitution of the United states of America.

Based upon information and belief, you claim or allege that OCWEN LOAN SERVICING, LLC, is the

"Holder of the Note" or "Holder-in-due-course". And as such, you now must produce the Original Note I

executed with my blue ink signature or you agree to be in Default after 90 Days of receiving this demand

exclusive of the date received, which shall render your claim UNFOUNDED.

Wherefore, this is my demand and notice upon you, whose actions are governed by the Fair Debt Collections Practicing Act, (FDCPA) 15 U.S.C.§ 1692 and the Fair Collection Billing Act, (FCBA) 15 U.S.C.§ 1666 (a)(e), to provide me a full independent third party audit of the account meeting all General Accepted Accounting Practices (GAAP) on the double book entries showing all payments, credits, asset and liabilities in relation to the mortgage.

Furthermore, I demand Rescission if the above validation fails to issue and goes unsatisfied because of your breach of private duty has gone unsatisfied, OCWEN LOAN SERVICING, LLC, the alleged holder of the note in due course, breached the private duty to PRODUCE THE CLAIM as required. Also, please be advised that I am only exercising my rights for immediate enforcement under Regulation Z, promulgated in

1

and under Truth In Lending Act (TILA) and RESPA.

**IT SHALL BE LAW** to rescind the subject mortgage loan claimed to be held by OCWEN LOAN

SERVICING, LLC, as satisfied within ten (10) calendar days after the 90 Day expiration if not validated

pursuant to (Reg. Z §§ 226.15(a)(2), 226.23(a)(2), Official Staff Commentary §226.23(a)(2)-1) and 15

U.S.C. §1635(b).

Pursuant to the above cited statutes, you must **CEASE and DESIST** from any and all collection activity, in

any and every form, until you have provided PROOF, and the full cooperation to resolve such a matter of

importance.

Your failure to provide the inspection of the original note, says that there is no note, or said note is clearly
altered materially, even to the point that the note bears a dishonor, displaying repeated payments received
without any credits being applied towards the principal balance. Anything less than the rescinding the Note
and Mortgage as mandated under the law of this demand, and or by continuing to attempt to collect on this
alleged debt may be deemed a violation of, but not limited to, violations under TILA, FCBA, FDCPA,
UCC & RESPA for participating in false, misleading and/or deceptive lending practices, collection
practices, billing practices and misrepresenting the character, amount and/or legal status of the alleged debt
for the purpose of harassment and coercion as well as failure to provide verification of the alleged debt and
fraud, NOT WAIVING OFF-SETS/SET-OFFS when and wherever applicable.


## "ATTENTION! and WARNING!"

Any claims of money alleged to be owed based on an instrument/note/contract, as an operation of law, are
subject to UCC § 3-305, which states, in part:
The right to enforce the obligation of a party to pay an instrument is subject to the following:
(1) a defense of the obligor based on

      (ii) duress, lack of legal capacity, or illegally of the transaction which, under the law, nullifies the
obligation of the obligor when fraud has induced the obligor to sign the instrument with neither knowledge
nor reasonable opportunity to learn of its character or its essential terms, or discharge of the obligor in
insolvency proceedings.

I may be willing to or consider having this matter resolved through private arbitration after a verified Audit
has been properly conducted or discharge the Debt through a U.S. Department of Treasury.

**I, request that all communications regarding this matter be in writing, unless we mutually agree
otherwise.** Should you have any questions or concerns, you may use the above address to reply.

Notary Public for the state

      Notary Public, Clayton County, Georgia
      My Commission Expires October 22, 2011

Donald Edward Williams

My commission expires *3rd Dec 2009*

    SEAL:

2

*Exhibit B*

Loan No: 11958839                                                        Data ID: 772

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

.................................................................(Seal)
DONALD E WILLIAMS —Borrower

*[Sign Original Only]*

Without Recourse
Pay to the Order of

Saxon Mortgage, Inc.

By: _____
Amy Shook, Assistant Vice-President

MULTISTATE  ADJUSTABLE RATE NOTE - LIBOR Six-Month Index (As Published In The Wall Street Journal)
© 2006 Middleberg, Riddle & Gianna                    Form MRG  7/03      *(Page 5 of 5 Pages)*

P+0011958839+4548+05+05+IOARMNT

## Certificate of Service:

I, Donald E.Williams, do hereby certify that I have  served a

true and correct copy of Verified Complaint upon the Respondents

by the Sheriff Dept. this 5th day of February, 2010 at the

addresses below.


Corporation Service Company
Ocwen Loan Service LLC.
40 Techology PKWY South,#300
Norcross,Georgia 30092
Agent County:Gwinnett

Prentice-Hall Corp.System
Saxon Mortgage,Inc.
 40 Techology Pkwy South,#300
Norcross,Georgia 30092
. Agent County:Gwinnett

Respectfully submitted, for I Am

Donald E.Williams
7057 Deshon Creek Court
Lithonia,Georgia
404.285.1709

Civil Action No. _10 CV3237-4_

Date Filed _2/5/2010_

Superior Court ☑
State Court ☐
Georgia, DeKalb County

_Donald E. Williams_

_____ Plaintiff

**Attorney's Address**

_Donald E. Williams_
_7057 Deshon Creek Ct_
_Lithonia, Georgia 30058_

VS.

_Ocwen Loan Service, LLC_

Name and Address of Party to be Served
_Corporation Service Company_
_Ocwen Loan Service, LLC._
_40 Technology Pkwy South #300_
_Norcross, Georgia 30092_

_____ Defendant

_34380_

_____ Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _Ocwen Loan Service LLC_ a corporation
by leaving a copy of the within action and summons with _Tami Brumbelow_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _10_ day of _Feb_, 20_1_.

**DEPUTY**

SHERIFF DOCKET _____ PAGE _____