IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 16 2010

JAMES N. HATTEN, Clerk
By: [signature] Clerk

| | |
|---|---|
| Donald E. Williams §<br>  Plaintiff, §<br>§<br>vs. §<br>§<br>OCWEN LOAN SERVICES, LLC, §<br>And SAXON MORTGAGE, INC. §<br>  Defendants. § | CIVIL ACTION NO. 1:10-CV-0740-RWS<br><br>Trial by Jury Demanded |

## PLAINTIFF'S OBJECTION
## TO DEFENDANTS' MOTION TO DISMISS
## AND DEFENDANTS' BRIEF IN SUPPORT OF MOTION

Now Comes the Plaintiff, Donald E. Williams, in propria persona and relying on the decisions in Haines v. Kerner, 404 U.S. 519 and incorporates Haines v. Kerner by reference, and object to the motion of Defendants along with their brief in support thereof as follows:

1. The Plaintiff objects to the Defendants' motion to dismiss whereby Defendants have entered into this Honorable Court with unclean hands and in bad faith the Defendants did not disclose the fact that they have already been paid.

2. Further, the proof that the Defendants were paid in full is evident upon the note in question as it bears the stamp showing a demand deposit was made, and that Defendants such was not disclosed at any time prior to bring and action against them.

3. Objection is duly made regarding Defendants' motion to dismiss due to the fact that Plaintiff brought an action as required in the Note Rider which mandated Arbitration when there was a dispute between the parties.

4. Objection is made herein because the Plaintiff was seeking to know with certainty what rights remained under the note along with the relationship due to the change in the function and operation of the instrument in question.

## OBJECTION DUE TO THE BACKGROUND

5. Plaintiff followed the contract (note rider) to the letter by filing an action with THE NATIONAL ARBITRATION FORUM, hereinafter, "the Forum" who has jurisdiction and was reviewing the matter which is yet pending before the Arbitrator for his decision.

6. Notwithstanding, while awaiting the Forum's decision, Defendant OCWEN issued to Plaintiff a dunning letter, informing Plaintiff that the Defendant, OCWEN was now servicing the loan. Towit, Plaintiff had never did any business with Defendant, OCWEN, and as such Plaintiff requested

validation, disputed all copies, and demanded that the original note be produced. To this date, the note has not appeared nor shown itself to the Plaintiff as required.

7. The Defendant placed a fraud upon the record by putting forth a note claiming it to be a true and correct copy of the original note when it is not. **See attached exhibit "N"** which bears evidence that Defendant, SAXON had been paid in full under the table and without proper disclosure. Allegations

## FALSE ALLEGATIONS
## PLACE UPON THE RECORD

8. In the Defendants' pleadings, Defendant states that Plaintiff fell behind on monthly mortgage payment which is a complete falsehood. Once Defendant, SAXON refused to cooperate with Plaintiff, by not allowing Plaintiff to review the original note, Plaintiff commenced his action with the "Forum" and at that time Plaintiff was current on all payments due and believed to be owed to Defendant, SAXON according to the agreement and promise Plaintiff made in good faith.

## OBJECTIONS CONTINUES

9. Objection is duly made by Plaintiff who has the exclusive right to know the whereabouts of his promise/pledge, and under the Georgia Code, O.C.G.A.

3

9-4-1 thru 9-4-7, the Superior Court of the state had original jurisdiction based upon the fact that Plaintiff remains uncertain and insecure regarding what rights remain under the writing and the need to see the original (note) paper is of great importance that Congresswoman Marcy Kaptur advised all Americans to demand that the lender PRODUCE THE NOTE!

10. Objection is made because the Plaintiff is entitled to the relief he sought in the state due to the fact that the Plaintiff did not receive any credits towards his principal balance when it is well established that Defendant, SAXON was PAID IN FULL, using Plaintiff's signature without giving Plaintiff any consideration whatsoever, which at once entitles Plaintiff to Off-sets/Set-offs respecting the surplus Defendant failed to share with Plaintiff.

11. Objection is made herein to Defendants' motion to dismiss because such a dismissal would be a clear message from the court which says that the Plaintiff is not entitled to the same equality paramount under the law.

12. Objection is proper in this matter due to the fact that Plaintiff believes he issued the credit which funded the alleged loan, and to show this Honorable Court proof that Defendants have UNCLEAN HANDS, the Plaintiff is now in the process of having a full forensic audit of the loan.

13. Objection is made hereto against the S.H.A.M. motion to dismiss Plaintiff's matter as an attempt to continue doing business as usual knowing full well that the loan in question was not issued according to the Federal standard.

## AMENDING THE INSTANT COMPLAINT TO INCLUDE TILA VIOLATION, PREDATORY LENDING PRACTICES AND VIOLATIONS OF THE FDCPA

14. The Plaintiff has fully Objected to the Defendants' motion to dismiss and its brief in support thereof, to show this Honorable Court that the Defendants have breached its duty to Plaintiff causing Plaintiff to seek an independent review of the alleged loan documents showing that the alleged loan was in fact illegal.

15. WHEREFORE, the Plaintiff has fully and properly objected to the Defendants' pleadings, and as such Plaintiff demands the PRODUCTION OF THE ORIGIAN PAPER (note) Plaintiff executed as his promise.

Note: Any counter-signature placed thereon the note must be joined under the obligation to pay monthly payment subrogating Plaintiff's obligation to pay.

## TRIAL BY JURY MUST ISSUE AT LAW

16. Plaintiff demands a trial by jury on the face of his complaint filed in the Superior Court of Dekalb County, which was removed to the District, as

required by law, and the amount in controversy exceeds the statutory limits, which guarantees such RELIEF to issue according to the Constitution of the United states of America.

Further, Plaintiff sayeth nought, for I Am

*Donald E. Williams* (signature)

Donald E. Williams
Plaintiff—in propria personna.
7057 Deshon Creek Court
Lithonia Georgia 30058
404-285-1709

Exhibit "N"

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

..................................................(Seal)
DONALD E WILLIAMS —Borrower

*[Sign Original Only]*

Without Recourse
Pay to the Order of
Saxon Mortgage, Inc.
By.................................
Amy Shook, Assistant Vice-President

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR Six-Month Index (As Published in The Wall Street Journal)
© 2006 Middleberg, Riddle & Gianna                                   Form MRG 7/03    (Page 5 of 5 Pages)

P+0011958839+4548+05+05+IOARMNT

CERTIFICATE OF SERVICE

I DONALD E. WILLIAMS certify that I have this day served opposing party with a copy of this Plaintiff's **OBJECTION TO DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS' BRIEF IN SUPPORT OF MOTION**, at Law by Process Server this 16 day of April, 2010 A.D. addressed below as a rule and matter of law.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326

This the 16 day of APRIL, 2010 in the Year of Our Lord

*/s/ Donald E. Williams*
Donald E. Williams
7057 Deshon Creek Ct
Lithonia, Georgia 30058
404.285.1709